DICKINSON, Justice,
Dissenting:
¶ 14. My view is that the majority has arrived at the right result without providing a complete analysis of the relevant statutes, leaving the incorrect impression that the circuit judge had no authority to transfer this case to the youth court. The circuit judge, relying on Miss.Code Ann. Section 43-21-159 (Rev.2006), transferred this case to youth court. The statute states:
(1) When a person appears before a court other than the youth court, and it is determined that the person is a child under jurisdiction of the youth court, such court shall, unless the jurisdiction of the offense has been transferred to such court as provided in this chapter, or unless the child has previously been the subject of a transfer from the youth court to the circuit court for trial as an adult and was convicted, immediately dismiss the proceeding without prejudice and forward all documents pertaining to the cause to the youth court.
¶ 15. As the majority explains, the judge’s order stated that “[t]his Court will dismiss without prejudice in the Circuit Court and transfer the entire cause to the Youth Court of Coahoma County, Mississippi, for such appropriate proceedings as the Youth Court might determine to be appropriate.” The judge further ordered all documents be sent to the youth court and records of the circuit court be expunged.
¶ 16. However, the judge ignored Section 43-21-159(3) which provides; “[n]oth-ing in subsection (1) or (2) shall apply to a youth who has a pending charge or a conviction for any crime over which circuit court has original jurisdiction.” (Emphasis added). Because of this provision, subsection (1) did not apply. The majority correctly concludes that the circuit court has original jurisdiction over D.S. for the specific charges of sexual battery or statutory rape in this case, and that the circuit judge improperly transferred the case based on language found in Section 43-21-159(1) and (3).
¶ 17. My concern is that the majority leaves the incorrect impression that the *1285 circuit judge had no authority to transfer the case. The circuit judge could have transferred the case to youth court under subsection (4) of Section 43-21-159, which requires a specific finding that such transfer was in the best interests of D.S. and in the interest of justice. The relevant subsection provides:
(4) In any case wherein the defendant is a child as defined in this chapter and of which the circuit court has original jurisdiction, the circuit judge, upon a finding that it would he in the best interest of such child and in the interest of justice, may at any stage of the proceedings prior to the attachment of jeopardy transfer such proceedings to the youth court for further proceedings unless the child has previously been the subject of a transfer from the youth court to the circuit court for trial as an adult and was convicted or has previously been convicted of a crime which was in original circuit court jurisdiction, and the youth court shall, upon acquiring jurisdiction, proceed as provided in this chapter for the adjudication and disposition of delinquent child proceeding proceedings.
Miss.Code Ann. § 43-21-159(4) (emphasis added). However, because no such finding was made or even implied by the circuit judge, the transfer was improper.
f 18. I believe the above clarification of the requirements of the individual subsections of Miss.Code Ann. Section 43-21-159 is necessary to prevent the mistaken impression that a circuit judge has no authority to transfer such cases to the youth court. Because the majority overlooks this analysis, I provide this concurring opinion.
WALLER, P.J., AND CARLSON, J., ' JOIN THIS OPINION. RANDOLPH, J„ JOINS THIS OPINION IN PART.